# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN JOE LIGHTLE, JR., and ) <br> MARSHA ANN COOPER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HARTFORD INSURANCE COMPANY ) <br> OF THE MIDWEST, ) <br> ) <br> Defendant. ) | Case No. 06-CV-0140-CVE-FHM |

## OPINION AND ORDER

Now before the Court is plaintiffs' motion for remand (Dkt. # 13). In their state petition, plaintiffs requested damages in excess of $10,000, as mandated by Oklahoma pleading rules.[1] On March 6, 2006 defendant removed this action to federal court on the basis of diversity jurisdiction (Dkt. # 2). 28 U.S.C. § 1332. It is undisputed that there is complete diversity of citizenship between plaintiffs and defendant. However, plaintiffs argue that the requisite amount in controversy for diversity jurisdiction of $75,000 has not been met and, therefore, this Court lacks subject matter jurisdiction.

---

[1] In Oklahoma, the general rules of pleading require that:

"[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2)

This case arises from a May 2003 automobile accident in which plaintiff Alvin Joe Lightle, Jr., was injured while insured by defendant. Plaintiffs originally filed suit against the tortfeasor in October 2003 in state court ("the 2003 case"). Defendant became a party to the 2003 case in October 2004 and participated in the litigation proceedings. See Dkt. # 13, Ex. C. Subsequently, plaintiffs sought to amend their state petition to add a claim for bad faith to their existing breach of contract claim. After the state court denied their motion to amend, plaintiffs filed a second suit on February 6, 2006 alleging bad faith against defendant ("the 2006 case"). Dkt. # 2, Ex. 1.

A civil action brought in state court may be removed to federal court if the federal court has original subject matter jurisdiction over the matter. 28 U.S.C. § 1441(a). Subject matter jurisdiction is established, generally, either by the presence of a federal question, 28 U.S.C. § 1331, or diverse parties, 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be complete diversity in the citizenship of the parties and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Before exercising jurisdiction, this Court must be satisfied that the requirements for jurisdiction have been met. "Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995). This Court has a duty to deny jurisdiction if it finds the requirements have not been met. Id. "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted).

The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000:

2

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Laughlin, 50 F.3d at 873 (citations omitted) (emphasis in original). "Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Id. At a minimum, the requisite amount in controversy must be established by the preponderance of the evidence. Martin, 251 F.3d at 1290.

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also facts underlying the defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of their belief that there is more than $75,000 at issue in the case. The removing defendants bear the burden of establishing federal court jurisdiction at the time of removal, and not by supplemental submission. Laughlin, 50 F.3d at 873. The rationale of Laughlin contemplates that the removing party will perform an economic analysis of the alleged damages supported by underlying facts to establish the jurisdictional amount. Id.

In the 2006 case, plaintiffs ask for damages "in excess of $10,000 for exemplary damages against the Defendant and for such other relief to which Plaintiff may be entitled, including attorney fees and all cost of this action." Dkt. # 2, Ex. 1, at 2. Defendant alleges that plaintiffs seek damages in excess of $75,000 based on documented medical bills related to the 2003 accident ($69,420.17), alleged lost wages (approximately $100,000), and plaintiffs' request for punitive damages in excess of $10,000. Dkt. # 2, at 2-3. However, the first two measures of actual damages apply to the 2003

case. In its notice of removal, defendant argues that plaintiffs' request for exemplary damages will exceed $75,000 because Oklahoma law authorizes a jury to award the greater of either $100,000 or actual damages on a claim of bad faith. Okla. Stat. tit. 23, § 9.1(C). However, such conclusory statements regarding punitive damages are insufficient to meet the burden of showing underlying facts supporting the requisite jurisdictional amount. See Flowers v EZPawn Oklahoma, Inc., 307 F.Supp.2d 1191, 1200 (N.D. Okla. 2004).

Defendant has failed to prove that an amount over $75,000 is at issue in this case. Plaintiffs' request for relief in excess of $10,000 is insufficient to establish that the amount in controversy requirement has been satisfied for the purposes of diversity jurisdiction. As a result, this Court has no subject matter jurisdiction over plaintiffs' claim and must remand the case to state court for resolution. 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Remand (Dkt. # 13) is **granted** and the Court Clerk is instructed to **remand this case to the District Court in and for Creek County, State of Oklahoma.**

**DATED** this 19th day of April, 2006.

_Claire V Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT